**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------

**CHONDEN TSERING,**

                  **Plaintiff,**          08 Civ. 5633 (JGK)

       - against -              **OPINION AND ORDER**

**JOANNA WONG AND SANJEEV RAI OF CLUB QUARTERS ROCKEFELLER CENTER N.Y.C.,**

                  **Defendants.**
---------------------------------------

**JOHN G. KOELTL, DISTRICT JUDGE:**

    The plaintiff, Chonden Tsering, brings this action pro se against the defendants, Joanna Wong and Sanjeev Rai of Club Quarters Rockefeller Center N.Y.C., for employment discrimination under the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq. ("NYHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Defendant Rai, the only defendant who has been served, now moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, respectively. Specifically, the defendant moves to dismiss the NYHRL and NYCHRL claims for lack of subject matter jurisdiction, and the Title VII claims for failure to state a claim upon which relief can be granted.

1

I

When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has the subject matter jurisdiction necessary to consider the merits of the action. See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 2000); Abrahams v. App. Div. of the Sup. Ct., 473 F.Supp.2d 550 (S.D.N.Y. 2007).

In defending a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept the material factual allegations in the Complaint as true. See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all reasonable inferences in the plaintiff's favor. Id.; Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006). Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents,

2

and testimony, to determine whether jurisdiction exists. See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the Court is guided by that body of decisional law that has developed under Federal Rule of Civil Procedure 56. Kamen, 791 F.2d at 1011; see also Melnitzky v. HSBC Bank USA, No. 06 Civ. 13526, 2007 WL 1159639, at *5 (S.D.N.Y. April 18, 2007).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Arista Records LLC v. Lime Group LLC, No. 06 Civ. 5936, 2007 WL 4267190, at *4-5 (S.D.N.Y. Dec. 3, 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the Complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atlantic Corp., 127 S.Ct. 1955, 1974 (2007); see also Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the Complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Kavowras v. New York Times Co., 328 F.3d 50, 57 (2d Cir. 2003); Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d. Cir. 1991).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purposes of Rules 12(b)(1) and 12(b)(6). See McKithen v. Brown, 481 F.3d 89, 96 (2d. Cir. 2007) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002). Additionally, the submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Melnitzky v. Jones, No. 07 Civ. 7380, 2008 WL 3884361, at *1-*2 (S.D.N.Y. Aug. 21, 2008).

4

II

The following facts are not in dispute for purposes of this Motion, unless otherwise indicated.[1]

The plaintiff was employed as a Guest Service Representative at Club Quarters Rockefeller Center ("Club Quarters"), a New York City hotel. According to a Determination and Order after Investigation made by the New York State Division of Human Rights ("State Division"), attached to the defendant's Motion to Dismiss as Exhibit B, the plaintiff's dates of employment were March 14, 2006 to January 12, 2007. (Deft.'s Ex. B at 3.) At Club Quarters, the plaintiff worked under Defendants Wong and Rai, who were employed as the Housekeeping Manager and the Hotel Manager, respectively. The plaintiff alleges that during his time at Club Quarters, the defendants discriminated against him on account of his Tibetan national origin. (Complaint 3.) Among other discriminatory acts, Defendant Wong threatened to "document" the plaintiff for little or no reason, treated the plaintiff rudely, and assigned to the plaintiff more difficult work than was assigned to Chinese employees. (Complaint 3, E(1).) Defendant Wong also refused to teach the plaintiff certain skills he needed to acquire upon receiving a promotion to Housekeeping Supervisor.

---

[1] Although Defendant Rai alone has filed the Motion to Dismiss, the Motion argues that the plaintiff's claims against both Defendant Rai and Defendant Wong should be dismissed. Therefore, the facts relating to both defendants are set forth here.

5

The plaintiff was eventually demoted back to his old job. (Complaint 3.)

During his time at Club Quarters, the plaintiff lodged at least one internal complaint against Defendant Wong. Defendant Rai eventually acted on this complaint or complaints. Defendant Wong later resigned from her position at Club Quarters. (Complaint E(2).)

Shortly before the termination of his employment, the plaintiff was involved in an altercation with another employee. Defendant Rai fired the plaintiff shortly thereafter. (Complaint E(2).) The plaintiff claims that he was fired in retaliation for complaining about the discrimination that he was subjected to during his employment.

On June 15, 2007, the plaintiff filed a Complaint with the State Division, charging Defendant Wong, Defendant Rai, and Club Quarters with violating the NYHRL by engaging in discriminatory practice related to employment because of national origin, race or color, or retaliation. The State Division found that there was no support for the claim that the NYHRL had been violated. (Deft.'s Ex. B. at 4.) The State Division complaint was cross-filed with the United States Equal Employment Opportunity Commission ("EEOC"). (Complaint 3.) The EEOC adopted the findings of the State Division and sent a letter dismissing the claims to the plaintiff on February 22, 2008. This "right to

sue" letter informed the plaintiff that if he wished to bring suit against any of the State Division respondents, he would have to do so within ninety days of receipt.[2]  (Deft.'s Ex. A.)  The plaintiff allegedly received the right to sue letter on February 27, 2008.  (Deft.'s Ex. A at 1.)  The plaintiff filed this action with the Pro Se Office of the Court on May 27, 2008.

III

The defendant[3] argues that the Court lacks subject matter jurisdiction over the plaintiff's NYHRL and NYCHRL claims because these causes of action are barred by the election of remedies provisions set forth in their governing statutes.  Specifically, because the plaintiff has previously filed a claim with the State Division, he is barred from suing any of the State Division respondents – Defendant Wong, Defendant Rai, and Club Quarters – for NYHRL or NYCHRL violations.  The plaintiff does not respond to this argument.

The NYHRL provides: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and

---

[2] See 42 U.S.C. § 2000e-5(f)(1); see also Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994) ("A Title VII claimant may file suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter.  Such a suit must be commenced not more than 90 days after receipt of the right-to-sue letter." (internal citations omitted).
[3] All references to "the defendant" are to Defendant Rai, the sole author of the Motion to Dismiss.

7

such other remedies as may be appropriate . . . unless such person has filed a claim hereunder or with any local commission on human rights." N.Y. Exec. L. § 297(9). The Court of Appeals for the Second Circuit has made clear that under this provision, the filing of a claim with the State Division "deprives the district court of subject matter jurisdiction." Moodie v. Fed. Res. Bank of N.Y., 58 F.3d 879, 882 (2d Cir. 1995).

The NYCHRL contains an analogous election of remedies provision: "[A]ny person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction . . . unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice. . . ." N.Y.C. Admin. Code § 8-502(a). Like NYHRL claims, NYCHRL claims previously brought before the State Division "may not be brought again as a plenary action in another court." York v. Association of the Bar of the City of N.Y., 286 F.3d 122, 127 (2d Cir. 2002).

For these reasons, and because the plaintiff does not oppose the defendant's arguments, the plaintiff's NYHRL and NYCHRL claims are dismissed.

IV

The defendant argues that the plaintiff fails to state a claim upon which relief can be granted under Title VII, because employment discrimination claims do not lie against individuals under Title VII.  The plaintiff has not disputed the argument.  Rather, the plaintiff argues that he adequately named his employer, Club Quarters, as a defendant in the Complaint.  The plaintiff argues in the alternative that he should be allowed to amend his Complaint to name Club Quarters as a defendant.

A

"[A]n individual cannot be held personally liable under Title VII."  Schiano v. Quality Payroll Systems, Inc., 445 F.3d 597, 608 n.8 (2d Cir. 2006).  For this reason, and because the plaintiff does not oppose the defendant's arguments, the plaintiff's Title VII employment discrimination claims against the individual defendants are dismissed.

The plaintiff urges that he named Club Quarters in his Complaint, and that he therefore has a Title VII claim against his employer that should survive the Motion to Dismiss.  But the plaintiff did not name Club Quarters as a defendant in his Complaint.  The caption of the Complaint lists the defendants as "Ms. Joanna Wong and Mr. Sanjeev Rai of Club Quarters

Rockefeller Center N.Y.C." (Complaint 1) (emphasis added).[4] When asked to list "all defendants' names" under a section titled "Parties in this complaint," the plaintiff listed only Defendants Wong and Rai. (Complaint 2.) The plaintiff appended two additional sheets to his Complaint listing charges of discrimination against Defendant Wong and Defendant Rai, respectively, but there is no additional sheet or list of charges with respect to Club Quarters. There is no suggestion anywhere in the Complaint that Club Quarters is a defendant in the plaintiff's action. Therefore, the plaintiff has not brought a cause of action against Club Quarters, and there is no existing claim against Club Quarters that survives the Motion to Dismiss.

B

The plaintiff requests leave to amend the Complaint to include Club Quarters as a defendant, should the Court find that Club Quarters has not already been adequately identified. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, because the ninety-day limit

---

[4] The caption of the Complaint plainly lists Club Quarters as an identifying characteristic of the two individual defendants. It is preceded by the word "of." It is unnecessary to put such a qualifier in the caption, but there it is. It was incorrect for the defendant in his papers to reword the caption and leave out the qualifier as thought it just was not there.

for bringing a claim against Club Quarters following receipt of the right to sue letter has passed, an Amended Complaint, without more, would be untimely, and thus futile.  The Court is not obligated to grant leave to amend if an amendment would be futile.  See Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (district court may "deny leave [to appeal] if there is good reason for it, such as futility"); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

In order to avoid futility, an amendment to the plaintiff's Complaint would have to fall within Federal Rule of Civil Procedure 15(c), which allows an amendment to a pleading to "relate[] back to the date of the original pleading" under limited circumstances.  Fed. R. Civ. P. 15(c)(1).  Rule 15(c)(1)(C) provides for the relation back of an amendment when "the amendment changes the party or the naming of the party against whom a claim is asserted [if the claim arises out of the same conduct set out in the original pleading, and] if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake

concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).[5]

The main question is whether the plaintiff's failure to name Club Quarters as a defendant in the Complaint is the kind of mistake contemplated by Rule 15(c). The interpretation given to Rule 15(c) by the Court of Appeals for the Second Circuit indicates that it is.

In <u>Soto v. Brooklyn Correctional Facility</u>, 80 F.3d 34, 34 (2d Cir. 1996), a <u>pro se</u> plaintiff filed suit under 42 U.S.C. § 1983 against a municipal correctional facility without naming the individual defendants who might be liable for the claims he was endeavoring to assert. The plaintiff's cause of action was legally insufficient because it arose from conduct "that was not alleged to have been part of any institutional custom or policy," which was required for a claim against a municipality under § 1983. <u>Id.</u> The plaintiff should have named as defendants certain individual corrections officers whose conduct gave rise to his claim. The court held that insofar as the officers had sufficient notice of the suit to avoid prejudice in maintaining a defense, the plaintiff could amend his Complaint to name the officers as defendants, and the amendment would relate back under Rule 15(c) so as to be timely. The court

---

[5] Rule 15(c) was amended effective December 1, 2007, but the changes were stylistic only and did not change the substance of the Rule. Fed. R. Civ. P. 15(c) Advisory Committee Note.

reasoned that the amendments made to Rule 15(c) in 1966 were intended to protect plaintiffs who were "unaware of the technical requirements of the law." Id. at 35. It noted approvingly that "[c]ourts in other jurisdictions have held that 'mistake' as used in Rule 15(c) applies to mistakes of law as well as fact." (internal quotations marks and citations omitted). Id. at 36. The court emphasized that because the plaintiff was "required to sue the individual defendants to maintain an action arising out of the January 1991 attack[,] [h]is failure to do so cannot be considered a matter of choice; but for his mistake as to the technicalities of constitutional tort law, he would have named the officers in the original complaint, within the three-year limitations period. . . ." Id. at 37.

The holding and reasoning of the court in Soto are directly applicable here. The pleading failure in this case is the mirror image of that in Soto. Here, the plaintiff was required to sue the employer Club Quarters, rather than the individual defendants, in order to maintain a cause of action under Title VII. The plaintiff had no claim under Title VII against the individual defendants whom he named, but he could assert a claim against his employer whom he did not name as a defendant. As in Soto, the plaintiff's "failure to do so cannot be considered a matter of choice," because but for his mistake as to the

13

technicalities of employment discrimination law, the plaintiff would have named Club Quarters in the original complaint.[6] Thus under Soto, the plaintiff's failure to name Club Quarters as a defendant in the Complaint must be considered a mistake, not a choice, and it qualifies as the kind of mistake contemplated by Rule 15(c). The Court of Appeals for the Second Circuit has reaffirmed Soto. See, e.g., Ish Yerushalayim v. United States, 374 F.3d 89, 91-92 (2d Cir. 2004) (per curiam) ("Had [the plaintiff] not known that he needed to name individual defendants and thus failed to do so, that would presumably constitute a 'mistake.' (citing Soto)); see also Howard v. City of New York, No. 02 Civ. 1731, 2006 WL 2597857, at *4 (S.D.N.Y. September 6, 2006) (citing Soto in holding that a plaintiff was allowed to amend and relate back his § 1983 claim under Rule 15(c) to include an individual because his original claim was legally deficient, having been filed against an institution. "[The institution] is not a suable entity, and therefore [the individual] was mistakenly not named as a Defendant." (internal citation and parenthetical omitted)).

---

[6] This case is not controlled by Nelson v. Adams USA, Inc., 529 U.S. 460 (2000), in which the Supreme Court held that where a plaintiff "knew of [a party's] role and existence, and, until it moved to amend its pleading, chose to assert its claim . . . only against [a different party]," there had not been a "mistake concerning the identity of the proper party" for purposes of Rule 15(c). Id. at 467 n.1 (emphasis added). Nelson was not a case in which, as here, the plaintiff's claim would fail if he were not able to add a particular defendant.

Rule 15(c) also requires that for a plaintiff to be able to amend the Complaint and have the amendment relate back so as to be timely, the defendant must not be prejudiced by the delay in preparing its defense, and must have had at least constructive knowledge that it would have been named, but for the plaintiff's mistake. "The notice required must be such that a reasonably prudent person ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction or occurrence set forth in the original pleading might be called into question." Pemrick v. Stracher, No. 92 Civ. 959, 2005 WL 2921621, at *7 (Memorandum Opinion) (E.D.N.Y. Nov. 4, 2005) (internal citation and quotation marks omitted).

Club Quarters argues against the amendment solely on the grounds that there was no mistake of fact in failing to name it, but ignores the cases that recognize that there can be a mistake of law.

Club Quarters has not argued that it would be prejudiced if it were named as a defendant at this time rather than at the commencement of the lawsuit, and only about four months have elapsed. Club Quarters also does not allege that it did not know that, but for a mistake of law, it would have been named as the only viable defendant. Indeed, the plaintiff alleges that

the same law firm that represents the individual defendant represents the corporation.

The Court could not conclude that the plaintiff's motion to amend the Complaint to add Club Quarters as a defendant is futile.

CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed they are either moot or without merit. For the reasons discussed above, the defendant's Motion to Dismiss is **granted**. The plaintiff's NYHRL and NYCHRL claims are **dismissed**. The plaintiff's Title VII claims against the individual defendants are **dismissed** without prejudice to renewal against the employer, Club Quarters. The plaintiff shall file an Amended Complaint within twenty days of the date of this Opinion and Order.

**SO ORDERED.**

**New York, New York
Dated: October ⚊, 2008**

John G. Koeltl
United States District Judge